UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

C.W., a minor, by and through her
father, natural guardian and next
Friend, F.W.

       Plaintiffs,

vs.

NCL (BAHAMAS) LTD., a
Bermuda corporation d/b/a
NORWEGIAN CRUISE LINES,

       Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, C.W., a minor proceeding by and through her father, natural

guardian and next friend F.W.[1], who are both residents and citizens of Ontario,

Canada, file this Complaint and sue Defendant NCL (BAHAMAS) LTD., a

Bermuda corporation doing business as Norwegian Cruise Lines (hereinafter

"NORWEGIAN"), and with its principal place of business in Florida; i.e., for

---

[1] The Plaintiffs are proceeding through the use of their initials as pseudonyms,
specifically "C.W…" and "F.W..," due to C.W.'s status as a minor and the nature
of the allegations detailed below. The Defendant knows the names of the minor
Plaintiff and her parents, having been advised of their names in the claim letter and
shipboard report referred to below.

C.W., et al v. NCL
CASE NO.

federal jurisdictional purposes, it is both a citizen of Bermuda and a citizen of Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.      The minor Plaintiff C.W. is a permanent resident of Toronto in the Province of Ontario, Canada.  She is proceeding in this case through her father, natural guardian and next friend F.W., also a citizen and resident of Toronto, Ontario, Canada.

3.      Plaintiff F.W. is sui juris and is a permanent resident of Toronto in the Province of Ontario, Canada.  He is bringing this action on behalf of minor C.W. and as the father, natural guardian and next friend of C.W.

4.      Defendant NORWEGIAN is a Bermudan corporation with its principal place of business in Miami, Miami-Dade County, Florida.

5.      This court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.  §1333 as the causes of action asserted are maritime torts occurring on navigable waters and implicating traditional maritime activity, specifically the operation of a passenger cruise vessel.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

6.     The Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp*., 22 So. 3d 561,562 (Fla. 3d DCA 2008).

7.     At all material times, NORWEGIAN has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

8.     At all material times, NORWEGIAN engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiffs.

9.     The ticket contract between the parties, which was drafted by or on behalf of NORWEGIAN without any negotiations with the Plaintiffs, required all fare paying passengers to bring any lawsuit against NORWEGIAN arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Furthermore, NORWEGIAN does business in this judicial district and has its principal place of business in this district.  Venue is therefore proper in this Court.

## PRELIMINARY LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10.     At all material times, NORWEGIAN was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "M/S PEARL", a large passenger cruise ship registered in Bermuda.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

11.    At all material times, Plaintiff F.W. and minor C.W. were fare paying passengers on board the M/S PEARL under the ticket contract referenced above and were legally entitled to be aboard the vessel for the entire voyage.

12.    At the time of her voyage aboard the M/S PEARL, Plaintiff C.W. was a minor, age 14 years.  Her age was actually known to NORWEGIAN and to NORWEGIAN crewmembers on board the M/S PEARL.

13.    At all material times NORWEGIAN advertised, and expressly and implicitly represented on its website and otherwise that it provided featured programming and facilities suitable for and targeted for patronage by adolescent passengers in the age group of Plaintiff C.W. on board the M/S PEARL.  One of these featured facilities was a teen club providing supervised entertainment, known as "Entourage". Specifically, NORWEGIAN represented that the onboard teen club "Entourage" and events it organized on board the ship was suitable for, designated as, and intended by NORWEGIAN for use by adolescents in the specific age range of 13 to 17.

14.    Material provisions of NORWEGIAN's "Entourage" program included the following:

a.    Entourage is intended for patronage by minors age 13 to 17.

b.    Entourage is run by certified staff.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

c.     All shipboard youth activities, including the Entourage facility, prohibited the use of alcohol, smoking and profanity. NORWEGIAN's stated policy at all times material was that passengers must be "21 years of age to purchase or drink alcoholic beverages."

d.     NORWEGIAN's supervisory staff promised that "Any teen passenger exhibiting . . . intoxication when participating in the Teen Program or using the Teen Center would result in immediate dismissal for the entire sailing." and "Parents and Ship Security will be notified."

e.     Parents were assured that "[y]ou can be certain your teens are having fun in a safe and teen-friendly environment."

15.     NORWEGIAN's website also contains a specific description of the Entourage program, indicating "[r]un off and play while your teenagers hang out in a place filled with video games, movies, arts, music, sports and people their own age. From the coolest lounge at sea to the hippest dance club at night, there's always something going on at our teen centers. Best of all, it's all complimentary and supervised." A copy of the relevant portion of NORWEGIAN's website description of its adolescent programming and the Entourage program is attached and marked as Exhibit "A". The full site can be found at https://www.ncl.com/why-cruise-norwegian/family-cruises/youth-programs.

C.W., et al v. NCL
CASE NO.

16.     In the Frequently Asked Questions portion of NORWEGIAN's website, the rules of the Entourage program indicate "Guppies Nursery*, Splash Academy, and Entourage are adult free zones (18+) regardless of what program is taking place. Parents/guardians/adults are only allowed . . . on embarkation day during the registration process." A copy of NORWEGIAN's Frequently Asked Questions from its website is attached and marked as Exhibit "B".

17.     Thus, at all material times NORWEGIAN expressly and implicitly represented that all onboard programming and facilities specifically intended and represented to be for adolescent passengers would be operated by competent and specially trained crewmembers qualified and trained to provide, manage, and supervise youth activities safely and securely for adolescent minors such as minor Plaintiff C.W.

18.     In light of the representations on NORWEGIAN's website and written materials as summarized above, including the representations that Entourage activities would be age appropriate, professionally supervised, and safe,  F.W. reasonably relied upon these representations of NORWEGIAN and allowed C.W. to participate in Entourage programming on board the M/S PEARL.

19.     On March 14th, 2019,  C.W. was in the pool area of the ship when an adult male passenger named SHAWN LU (HEREINAFTER "LU") approached her

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

and initiated a brief conversation. C.W. reported the encounter to her parents and advised that LU was about 30 years old.

20.    Later that day, C.W. asked her parents for permission to attend a youth pool party hosted by Entourage on Deck 12 of the ship. The pool party was advertised as limited, like other Entourage programming, to teenagers between the ages of 13-17. See a copy of NORWEGIAN's "Freestyle Daily" info pamphlet from March 14, 2019 which is attached and marked as Exhibit "C".

21.    Based on their understanding that the pool party was limited to teenagers and that qualified and responsible adult supervision of the teens would be provided by NORWEGIAN, C.W.'s parents agreed to allow her to attend.

22.    After C.W. arrived at the pool party, the same adult who had earlier approached C.W. in the pool area also approached C.W. at the Entourage sponsored teen event despite his appearing to be approximately 30 years old and obviously well over the age limit for attendance.  LU remained for a period of time at the supposedly age restricted party and engaged in conversation with C.W.  He invited and persuaded C.W. to leave the supposedly supervised teen party and go with him to an onboard bar intended for patronage by and patronized by adult passengers, the "Bliss Bar" located on Deck 7.

C.W., et al v. NCL
CASE NO.

23.     C.W.'s status as a minor was or should have been known to LU both because he approached her at a party specifically organized for adolescent passengers and because NORWEGIAN's room card provided to C.W. had a notch on the corner to identify the cardholder as being underage. A copy of Plaintiff's room card with the identifying notch is attached and marked as Exhibit "D". Furthermore, the underage passengers on the ship were given wristbands by NORWEGIAN identifying them as minors and therefore prohibited by NORWEGIAN's advertised (but at least in this instance not enforced) policy from purchasing or consuming alcohol.

24.     Despite the actual or constructive knowledge by LU and NORWEGIAN crewmembers that C.W. was a minor, LU purchased and NORWEGIAN sold four alcoholic drinks furnished to C.W. in the "Bliss Bar". C.W. drank these alcoholic beverages.  These alcoholic beverages were delivered to C.W. by the NORWEGIAN crewman without any attempt to verify her age by checking her room card or wristband or otherwise.

25.     After drinking the four alcoholic beverages, C.W. advised LU that she wanted to return to the teen party. By this time, C.W. was already highly intoxicated.

C.W., et al v. NCL
CASE NO.

26.     LU left the "Bliss Bar" with C.W. Instead of returning her to the teen party as she had requested, he directed her to a locker room in the fitness center where he had sexual intercourse with her.  Due both to her age and her highly intoxicated state, C.W. was at the time incapable of giving valid consent to sexual activity.

27.     After having sexual intercourse with C.W. LU led her back to the Entourage sponsored teen party.  C.W. reported what had happened to other teenage passengers at the party, some of whom reported the incident to their parents.  The parents who had been advised of the incident in turn reported it to NORWEGIAN's ship security officers.

28.     The improper contact between LU and C.W. continued in public spaces upon the ship, specifically the pool area, Bliss Bar, and other areas traversed between those locations, for a sufficient period of time so that NORWEGIAN crewmembers had sufficient opportunity to observe the activity and intervene to prevent both the improper service of alcoholic beverages and the ensuing sexual assault.

29.     Because of C.W.'s age and her state of intoxication at the time of the sexual assault referred to above, she was unable to provide valid consent to sexual

C.W., et al v. NCL
CASE NO.

intercourse or other sexual behaviors, so all the sexual contact with her on the ship by LU constituted sexual assault and sexual battery.

30.    As a direct and proximate result of the sexual assault and battery referred to above, minor C.W. was injured in and about her body and extremities, suffered physical, emotional and psychological pain therefrom, embarrassment, humiliation, sustained mental anguish and emotional and psychological pain and suffering, and sustained disability and the inability to lead a normal life.  C.W., and her father F.W. on her behalf, have incurred expenses for medical treatment, mental health counseling and treatment, and psychological evaluation and treatment.  Furthermore, C.W.'s future earning capacity has been impaired.  These damages are permanent or continuing in their nature and minor Plaintiff C.W. will continue to sustain and incur such compensatory damages in the future.

31.    The Plaintiffs have complied with all conditions precedent to bringing this action.  In particular, on or about March 22, 2019, the Plaintiff's counsel sent Defendant NORWEGIAN a written notice of claim as provided for in the passenger ticket contract.  A copy of the letter with C.W.'s full name and the names of her parents redacted is attached and marked as Exhibit "E". The incident was also reported to NORWEGIAN in a timely fashion and documented in writing by NORWEGIAN soon after the time it occurred, specifically by ship's security

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

officers on the night of the incident and the early morning hours of the following

day.

## COUNT I
## NEGLIGENCE AGAINST NORWEGIAN - VICARIOUS LIABILITY

32.     The Plaintiffs adopt re-allege and incorporate by reference all

allegations of Paragraphs 1 through 31 above and further allege the following.

33.     At all material times, the Defendant NORWEGIAN owed the

Plaintiffs, as fare paying passengers aboard its cruise vessel, a duty of reasonable

care for their safety and security.     *Kermarec v. Compangnie Generale*

*Transatlantique*, 358 U.S. 625 (1959).

34.     At all material times, NORWEGIAN knew or should have known that

minor passengers participating in onboard youth programming events designated

for adolescents would require reasonable supervision by adequately trained and

experienced crewmembers in order to provide for their safety and security.

35.     NORWEGIAN expressly represented to C.W.'s parents and others

that responsible and qualified crewmembers would supervise and protect

adolescent passengers participating in youth programming activities.

C.W., et al v. NCL
CASE NO.

36.    C.W.'s parents reasonably relied upon the representations of NORWEGIAN to supervise and protect their daughter from foreseeable harms onboard its vessel in general and specifically when participating in NORWEIGEN programs and teenager activities.

37.    At all material times, NORWEGIAN, acting or failing to act through its crewmembers engaged in furtherance of the vessel's business, specifically the operation of the Entourage program, operation of the teen pool party sponsored by the Entourage program, and operation of the "Bliss Bar," failed to exercise reasonable care and was thereby negligent.   The specific acts and omissions constituting the negligence were one or more of the following:

   a.    There were an inadequate number of crewmembers to supervise adolescents onboard and at Entourage.

   b.    Crewmembers supervising adolescents onboard and at Entourage were inadequately trained to perform their duty of supervision.

   c.    Crewmembers supervising adolescents onboard and at Entourage were not sufficiently experienced in supervising adolescent and youth programming.

   d.    Crewmembers supervising adolescents onboard and at Entourage were not sufficiently attentive to the needs, behaviors, age, conduct,

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

and circumstances of the adolescents they were supervising and their interactions with adult passengers while participating in youth program events.

e.    Crewmembers supervising adolescents onboard and at Entourage did not sufficiently monitor the needs, conduct, behavior, and circumstances of the adolescents they were supervising.

f.    Crewmembers supervising adolescents onboard and at Entourage were not sufficiently attentive to the needs, behavior, conduct and circumstances of minor Plaintiff C.W.

g.    Crewmembers supervising adolescents onboard and at Entourage did not sufficiently monitor the needs, behavior, conduct and circumstances of minor Plaintiff C.W.

h.    NORWEGIAN through its crewmembers at all material times failed to implement proper protocols, policies and procedures for providing security services to minor passengers participating in Entourage activities.

i.    NORWEGIAN through its crewmembers at all material times failed to implement reasonably careful protocols, policies and procedures for providing security services to minor passengers in a bar environment.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

j.      NORWEGIAN through its crewmembers at all material times failed to implement or effectively to enforce its policies restricting minor passengers from consuming alcoholic beverages provided to and intended for adults on board the vessel.

k.      NORWEGIAN through its crewmembers at all material times failed to implement or effectively to enforce its policies preventing passengers under 21 from consuming alcoholic beverages on board.

l.      NORWEGIAN through its crewmembers at all material times served alcoholic beverages to a passenger which it knew or should have known, through its records and crewmember observations, to be a minor and below the legal drinking age.

m.      NORWEGIAN through its crewmembers at all material times failed to deploy adequate numbers of properly trained security personnel to deal with the passenger population actually or constructively known to NORWEGIAN crewmembers.

n.      At all material times NORWEGIAN through its crewmembers failed adequately to warn parents or guardians of minor passengers, including C.W.'s parents, concerning the past history of sexual assault on board its vessels, and those of other cruise companies known to

C.W., et al v. NCL
CASE NO.

NORWEGIAN, and further failed to warn parents or guardians to undertake appropriate precautions to prevent, deter, protect against, or minimize the known risks of such assaults.

o.    At all material times NORWEGIAN crewmembers failed to maintain adequate video surveillance of shipboard facilities including Entourage, the pool area where the teen party was hosted, common areas, the fitness center and its attached facilities, and passenger stateroom hallways as necessary to provide a reasonably safe level of security for passengers.

p.    At all material times NORWEGIAN crewmembers failed adequately to monitor the video surveillance of shipboard facilities including Entourage, the pool area where the teen party was hosted, common areas, the fitness center and its attached facilities, and passenger stateroom hallways which monitoring was needed to provide a reasonably safe level of security for passengers.

q.    NORWEGIAN crewmembers specifically failed to monitor or supervise the events taking place at the teen pool party event on Deck 12, the Fitness Center on Deck 12 and the "Bliss Bar" on Deck 7 on the night of March 14, 2019, including the sexual activity and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

attempted sexual activity involving C.W. as referenced above, and accordingly did not observe or otherwise detect the attempts of the adult perpetrator to seduce, intoxicate and take advantage of the minor C.W., throughout the vessel.

r.  NORWEGIAN crewmembers specifically failed to intervene to prevent or interrupt the events taking place at the teen pool party event on Deck 12, the Fitness Center on Deck 12 and the "Bliss Bar" on Deck 7 on the night of March 14, 2019, including the sexual activity and attempted sexual activity involving C.W. as referenced above. Available interventions included warning, cautioning or otherwise advising the adult perpetrator LU that his attendance at the teen pool party was unacceptable in accordance with NORWEGIAN's Entourage Policies and website, expelling LU from the party, and declining to serve alcohol to C.W. and LU at the Bliss Bar.

s.  NORWEGIAN crewmembers specifically failed to react to the events taking place at the teen pool party event on Deck 12, the Fitness Center on Deck 12 and the "Bliss Bar" on Deck 7 on the night of March 14, 2019, including the provision of alcoholic beverages to C.W. and ensuing sexual activity and attempted sexual activity

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

involving C.W. as referenced above. Available interventions included warning, cautioning or otherwise advising the adult perpetrator LU that his attendance at the teen pool party was unacceptable in accordance with NORWEGIAN's Entourage Policies and website, expelling him from the party, and declining to serve alcohol to C.W. and LU at the "Bliss Bar.

t.    NORWEGIAN crewmembers failed to warn or caution either LU or "C.W." that "Sean's" behavior was unacceptable under the Entourage program rules and other policies of NORWEGIAN;

u.    NORWEGIAN crewmembers failed to prevent the adult perpetrator LU from entering the Entourage pool party, despite the party's being designated for adolescents only;

v.    NORWEGIAN crewmembers failed to prevent the adult perpetrator LU from  leaving the Entourage pool party with C.W.;

w.    NORWEGIAN crewmembers failed to prevent C.W. from entering the Bliss Bar, a facility restricted to adult passengers, and failed to prevent her from entering the Bliss Bar in the company of an adult, despite their actual or constructive knowledge that she was a minor;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

x.     NORWEGIAN crewmembers failed to verify or make reasonable efforts to verify C.W.'s age before serving her alcoholic beverages in the "Bliss Bar";

y.     NORWEGIAN crewmembers failed to notify onboard security officer crewmembers that a minor female was in an adult bar consuming alcoholic beverages with an adult male;

z.     NORWEGIAN crewmembers failed to inform F.W. that his daughter was in an adult bar consuming alcoholic beverages with an adult male, rather than remaining at the teen party as F.W. reasonably believed her still to be;

aa.    NORWEGIAN crewmembers failed to undertake reasonable measures to prevent an adult male from escorting an intoxicated minor female out of the Bliss Bar;

bb.    NORWEGIAN crewmembers failed to notify security officer crewmembers that an intoxicated minor female was leaving the Bliss Bar in the company of an adult male.

cc.     NORWEGIAN through its crewmembers at all material times failed to implement proper protocols, policies and procedures for providing

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

security services to minor passengers participating in Entourage activities.

38.     As a direct and proximate result of the negligent acts and omissions of NORWEGIAN's crewmembers as alleged in the preceding paragraph, for which NORWEGIAN is vicariously liable, the sexual activity between LU and C.W. described above occurred and C.W. as a result  has sustained and will in the future continue to sustain the compensatory damages alleged in Paragraph 30. Furthermore, her father F.W. acting on behalf of C.W., has incurred and will continue to incur the expenses alleged in Paragraph 30.

39.     The Plaintiffs further allege that the conduct of NORWEGIAN as alleged above was willful, wanton, reckless and grossly negligent because of:

a.      NORWEGIAN's actual knowledge, prior to the incident date as alleged above, of the history on board its passenger cruise vessels of reported or discovered sexual assaults, assault and batteries, or misconduct in general and against minor females, which absent adequate safety and security precautions made it foreseeably likely its passengers including minor females would be victims of violent and/or sexual attacks.

b.      NORWEGIAN's actual knowledge prior to the incident date as alleged above of the incidence on board its passenger cruise vessels of sexual

C.W., et al v. NCL
CASE NO.

assault or misconduct directed toward minor passengers in particular, which absent adequate safety and security precautions made it likely minor passengers would be victims of sexual assault.

c.      NORWEGIAN's actual knowledge, prior to the incident date as alleged above, of Plaintiff C.W.'s status as a minor exposed to adults capable of purchasing and providing her alcohol which made her socially naïve, physically defenseless and therefore extremely vulnerable to criminal victimization.

d.      NORWEGIAN's actual knowledge prior to the incident date above that its crew was not competent, not adequately trained, and not adequately supervised to deter and prevent foreseeable sexual assaults upon minor passengers.

e.      NORWEGIAN's failure, in light of its actual knowledge as alleged in Subparagraphs a through d above, to take reasonable or appropriate measures to warn minor C.W.'s parents C.W. and F.W., before or during the cruise, of the data it possessed concerning the risk of assault and battery, sexual assault or misconduct on board the M/S PEARL and on NORWEGIAN vessels fleet wide,  and the need for and nature of appropriate necessary protective measures to be taken for the security of minor Plaintiff C.W. to protect her from foreseeable harms.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

    f.     NORWEGIAN's deliberate failure to undertake reasonable and appropriate measures to provide reasonably adequate security to protect minors, including minor Plaintiff C.W., from exposure known risks of sexual assaults.

    g.     NORWEGIAN's actual or constructive knowledge of the foreseeable risks of harm from the passengers who in fact committed the sexual assaults and batteries upon C.W. and the deliberate failure to undertake any precautions to protect C.W. from her assailant's criminal attacks.

    h.     NORWEGIAN's deliberate failure to provide any adult crewmember supervision at the teen-only pool party, despite its various representations to passengers as summarized above that all youth programming on board the M/S PEARL, would be age appropriate and professionally supervised and that adult presence at the "teen-only' events would not be tolerated.

    i.     NORWEGIAN's deliberate failure to enforce its own policies prohibiting service of alcoholic beverages to minors in the bars and lounges onboard the M/S PEARL.

    40.     NORWEGIAN's willful, wanton, reckless, intentional, and grossly negligent conduct as alleged in the preceding paragraph warrants an award of punitive damages against NORWEGIAN to the Plaintiffs.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

**WHEREFORE**, the Plaintiffs request judgment in their favor against NORWEGIAN for compensatory and punitive damages and the costs of this action and furthermore demand trial by jury of all issues so triable as of right.

## COUNT II
## NEGLIGENCE AGAINST NORWEGIAN - DIRECT LIABILITY

41.    The Plaintiffs adopt re-allege and incorporate by reference all allegations of Paragraphs 1 through 31 above and further allege the following.

42.    At all material times, the Defendant NORWEGIAN owed the Plaintiffs, as fare paying passengers aboard its cruise vessel, a duty of reasonable care for their safety and security. *Kermarec v. Compangnie Generale Transatlantique*, 358 U.S. 625 (1959).

43.    At all material times, NORWEGIAN knew or should have known that minor passengers participating in onboard youth programming events designated for adolescents would require reasonable supervision by adequately trained and experienced crewmembers in order to provide for their safety and security.

44.    NORWEGIAN expressly represented to C.W.'s parents and others that responsible and qualified crewmembers would supervise and protect adolescent passengers participating in youth programming activities.

45.    C.W.'s parents reasonably relied upon the representations of NORWEGIAN to supervise and protect their daughter from foreseeable harms

C.W., et al v. NCL
CASE NO.

onboard its vessel in general and specifically when participating in NORWEIGEN programs and teenager activities.

46.     At all material times, NORWEGIAN failed to exercise reasonable care and was accordingly directly negligent in its operation of the "M/S PEARL," including its operation of the Entourage program and Bliss Bar. The specific acts and omissions constituting the direct negligence were one or more of the following:

a.     NORWEGIAN failed to adopt reasonably careful protocols, policies and procedures for providing security services to minor passengers in a bar environment;

b.     NORWEGIAN at all material times  failed to employ, furnish or deploy adequate numbers of competently trained and credentialed crew members for supervising shipboard programming for adolescents;

c.     NORWEGIAN at all material times failed to employ, furnish or deploy adequate numbers of competently trained security personnel to deal with the passenger population actually or constructively known to NORWEGIAN;

d.     NORWEGIAN at all material times failed to employ, furnish or deploy adequate numbers of competently trained and credentialed crewmembers to supervise shipboard programming for adolescents;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

e.      NORWEGIAN failed at all material times adequately to train its crewmembers to deal with the needs of adolescent passengers for proper supervision;

f.      NORWEGIAN failed at all material times adequately to train its security officer crewmembers to deal with the security needs of adolescent passengers;

g.      NORWEGIAN failed at all material times adequately to train its crewmembers to enforce its alcohol consumption policies, in particular its policy against the consumption of alcohol by minor passengers.

47.    As a direct and proximate result of the negligent acts and omissions of NORWEGIAN as alleged in the preceding paragraph, an adult male, "Sean," was allowed to enter an onboard party designated for adolescent passengers only, leave the party in the company of an adolescent female, C.W., take C.W. to an onboard bar designated for adults only, order and consume alcoholic beverages with C.W. at the adult bar, leave the adult bar in the company of an intoxicated minor female, and have sexual intercourse with the female.  As a further direct and proximate result of NORWEGIAN's negligence alleged in the preceding paragraph, the sexual activity between LU and C.W. described above occurred and C.W. as a result has sustained and will in the future continue to sustain the compensatory

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

damages alleged in Paragraph 30.  Furthermore, her father F.W. acting on behalf of C.W., has incurred and will continue to incur the expenses alleged in Paragraph 30.

48.     The Plaintiffs further allege that the conduct of NORWEGIAN as alleged above was willful, wanton, reckless and grossly negligent because of:

a.     NORWEGIAN's actual knowledge, prior to the incident date as alleged above, of the history on board its passenger cruise vessels of reported or discovered sexual assaults, assault and batteries, or misconduct in general and against minor females, which absent adequate safety and security precautions made it foreseeably likely its passengers including minor females would be victims of violent and/or sexual attacks.

b.     NORWEGIAN's actual knowledge prior to the incident date as alleged above of the incidence on board its passenger cruise vessels of sexual assault or misconduct directed toward minor passengers in particular, which absent adequate safety and security precautions made it likely minor passengers would be victims of sexual assault.

c.     NORWEGIAN's actual knowledge, prior to the incident date as alleged above, of Plaintiff C.W.'s status as a minor exposed to adults capable of purchasing and providing her alcohol which made her socially naïve, physically defenseless and therefore extremely vulnerable to criminal victimization.

C.W., et al v. NCL
CASE NO.

d.      NORWEGIAN's actual knowledge prior to the incident date above that its crew was not competent, not adequately trained, and not adequately supervised to deter and prevent foreseeable sexual assaults upon minor passengers.

e.      NORWEGIAN's failure, in light of its actual knowledge as alleged in Subparagraphs a through d above, to take reasonable or appropriate measures to warn minor C.W.'s parents C.W. and F.W., before or during the cruise, of the data it possessed concerning the risk of assault and battery, sexual assault or misconduct on board the M/S PEARL and on NORWEGIAN vessels fleet wide,  and the need for and nature of appropriate necessary protective measures to be taken for the security of minor Plaintiff C.W. to protect her from foreseeable harms.

f.      NORWEGIAN's deliberate failure to undertake reasonable and appropriate measures to provide reasonably adequate security to protect minors, including minor Plaintiff C.W., from exposure known risks of sexual assaults.

g.      NORWEGIAN's actual or constructive knowledge of the foreseeable risks of harm from the passengers who in fact committed the sexual assaults and batteries upon C.W. and the deliberate failure to undertake any precautions to protect C.W. from her assailant's criminal attacks.

h.      NORWEGIAN's deliberate failure to provide any adult crewmember supervision at the teen-only pool party, despite its various representations to

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

passengers as summarized above that all youth programming on board the M/S PEARL, would be age appropriate and professionally supervised and that adult presence at the "teen-only' events would not be tolerated.

i.     NORWEGIAN's deliberate failure to enforce its own policies prohibiting service of alcoholic beverages to minors in the bars and lounges onboard the M/S PEARL.

49.     NORWEGIAN's willful, wanton, reckless, intentional, and grossly negligent conduct as alleged in the preceding paragraph warrants an award of punitive damages against NORWEGIAN to the Plaintiffs.

**WHEREFORE**, the Plaintiffs request judgment in their favor against NORWEGIAN for compensatory and punitive damages and the costs of this action and furthermore demand trial by jury of all issues so triable as of right.

## COUNT III-
## FRAUD BY CONCEALMENT AGAINST NORWEGIAN

50.     The Plaintiffs adopt, re-allege and incorporate by reference all allegations of Paragraphs 1 through 31 above and further allege the following matters.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

51.     At all material times, Defendant NORWEGIAN had actual knowledge of the frequency and types of sexual assaults and sexual misconduct occurring on cruise vessels it operated.

52.     At all material times, Defendant NORWEGIAN and managerial level officers of NORWEGIAN knew that sexual assault and harassment, both against its passengers in general and minor passengers in particular, was a serious and recurring problem.

53.     Notwithstanding its knowledge as summarized above, Defendant NORWEGIAN at all material times from at least 1999 through the date of the sexual assault on C.W. referenced above, knowingly and deliberately concealed and failed to disclose to its passengers or prospective passengers the true risk and incidence of sexual assault or sexual misconduct aboard its vessels, both with regard to passengers in general and minor passengers in particular.  Instead, in its marketing campaigns and other representations to passengers and prospective passengers, including representations on its website and in publicized testimony by NORWEGIAN representatives to Congress, NORWEGIAN knowingly and falsely represented that cruising in general was safe, that cruising activities dedicated for minors were safe, that sexual assault or misconduct aboard its cruise vessels was uncommon, and that NORWEGIAN had zero tolerance for such misconduct.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

NORWEGIAN made these misrepresentations, knowing that they were false, with the intent to avoid costs and potential adverse publicity, and for other business reasons which were intended to financially benefit NORWEGIAN to the detriment of its passengers relying on the statements.

54.    At all material times, in addition to the marketing campaigns and representations made by NORWEGIAN directly as alleged in the preceding paragraph, NORWEGIAN made similar misleading statements, and statements containing misleading omissions and concealment of material information, through agents and trade organizations.  In particular, NORWEGIAN, in concert with other cruise lines, engaged in a coordinated disinformation campaign concerning the true security risks and incidence of sexual misconduct aboard cruises, through statements made by a cruise line trade organization known as the Cruise Line International Association or "CLIA" and its predecessors.    CLIA, like NORWEGIAN itself, at all material times falsely publicly represented that cruising was safe and the incidence of sexual assault or misconduct during cruises was low, well below the risks on the land based environment in the United States, while concealing the true facts known to its members, including NORWEGIAN, concerning the known incidence of such assaults and misconduct on board NORWEGIAN's cruise vessels and those of other similar cruise lines.    These

C.W., et al v. NCL
CASE NO.

knowingly false representations included statements to the news media and publicized testimony before Congress.

55.     At all material times, and in particular when purchasing tickets for C.W.'s cruise on board the M/S PEARL and when registering C.W. for the Entourage program, F.W., acting on behalf of his daughter C.W., reasonably relied on NORWEGIAN's public representations that cruising was safe and that onboard sexual assaults and sexual misconduct were uncommon, as well as on the similar representations NORWEGIAN made through CLIA.  This reliance was reasonable in light of F.W.'s personal investigation of the Entourage program on board the M/S PEARL through NORWEGIAN's website and otherwise, as detailed in the preliminary allegations.

56.     F.W. relied on NORWEGIAN's misrepresentations by registering his daughter C.W. for the Entourage program in the erroneous but reasonable belief that the Entourage program would be safe, secure, professionally and competently supervised, and age appropriate.

57.     Due to NORWEGIAN's knowing concealment of the information and statistics in its possession as summarized above, as well as NORWEGIAN's knowing concealment through CLIA as alleged above, F.W. and C.W. did not

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

know and had no reason to know the true incidence of sexual misconduct and the potential risks to C.W. on board NORWEGIAN's cruise vessels.

58.   As a direct and proximate result of NORWEGIAN's knowing concealment and representations and Plaintiffs' consequent reasonable reliance on NORWEGIAN's representations regarding cruise safety and security, made misleading by omission and concealment, as alleged above, C.W. was registered for and participated in Entourage programming on board the M/S PEARL, encountered the adult male LU through Entourage programming when she was attending what was advertised to be a "teen-only pool party", was provided alcohol by LU as alleged above, and engaged in sexual intercourse with LU in the Fitness Center on Deck 12 without response or intervention by NORWEGIAN as alleged above.

59.   As a direct and proximate result of the sexual assault described above, and hence as a direct and proximate result of F.W.'s reasonable reliance on the knowing, intentional and material misrepresentations through concealment by NORWEGIAN as alleged above, C.W. has sustained and will in the future continue to sustain the compensatory damages alleged in Paragraph 30. Furthermore, her father F.W., acting on behalf of C.W., has incurred and will continue to incur the expenses alleged in Paragraph 30.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

60.    In addition to the compensatory damages alleged above and in Paragraph 30, C.W. is entitled to punitive damages against NORWEGIAN for its knowing and intentional fraud by concealment as alleged above.

**WHEREFORE**, the Plaintiffs request judgment in their favor against NORWEGIAN for compensatory and punitive damages and the costs of this action and furthermore demand trial by jury of all issues so triable as of right.

## COUNT IV- NEGLIGENCE PER SE AGAINST NORWEGIAN

61.    The Plaintiffs adopt, re-allege and incorporate by reference all allegations of Paragraphs 1 through 31 above and further allege the following matters.

62.    Under statutory federal maritime law, specifically  46 U.S.C. § 30102, the owner and master of a vessel are liable for personal injury to a passenger caused by the neglect or failure to have competent security on the vessel.

63.    Section 30102 specifically provides that a violation of part B of Subtitle II, Chapter 46, United States Code, gives rise to liability for failure to comply with the relevant rules and regulations promulgated pursuant to those statutes.

64.    Included within part B of Subtitle II of Chapter 46 are both Section 3507, concerning Passenger Vessel Security and Safety Requirements and Section

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

3508, concerning Crime Scene Preservation Training for Passenger Vessel Crewmembers. These statutes are codifications of portions of the Cruise Vessel Security and Safety Act ("CVSSA").

65.    Plaintiffs are within the class of persons intended to be protected by these statutes, fare paying cruise vessel passengers.

66.    NORWEGIAN failed to meet the minimum standards required under the CVSSA because the security staff employed on board the M/S PEARL were incompetent and failed to act within generally accepted law enforcement and security guidelines, policies and procedures regarding prevention of sexual assaults and protection of minor passengers, and were thus negligent.

67.    As a direct and proximate result of the incompetence of the security staff employed on board the M/S PEARL as described in the preceding paragraph, the sexual assault on C.W. described above occurred and C.W. has sustained and will in the future continue to sustain the compensatory damages alleged in Paragraph 30.   Furthermore, her father F.W., acting on behalf of C.W., has incurred and will continue to incur the expenses alleged in Paragraph 30.

68.    In addition to the compensatory damages alleged above and in Paragraph 30, C.W. is entitled to punitive damages against NORWEGIAN for its knowing and intentional fraud by concealment as alleged above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

C.W., et al v. NCL
CASE NO.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs hereby demand trial by jury of all issues so triable as of right.

Executed and submitted this 28th day of October, 2019.

**s/Nicholas Gerson**

PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
RAUL G. DELGADO II
Florida Bar No. 94004
rdelgado@gslawusa.com
cbenedi@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:   (305) 371-6000
Facsimile:    (305) 371-5749