UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 19-24441-CIV-ALTONAGA/Goodman

C.W., a minor, by and through her
father, natural guardian and next
Friend, F.W.

    Plaintiffs,

vs.

NCL (BAHAMAS) LTD., a
Bermuda corporation d/b/a
NORWEGIAN CRUISE LINES,

    Defendant.

_____/

### DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S UNILATERALLY NOTICED DEPOSITION OF DEFENDANT'S CORPORATE REPRESENTATIVE

Defendant, NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINE, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.1(g)(3), respectfully requests that this Court enter a Protective Order as to the unilaterally-noticed deposition of Defendant's corporate representative and, in support thereof, states as follows:

1. This is a maritime, personal injury action in which Plaintiff, C.W., a passenger on Defendant's cruise vessel the Norwegian *Pearl*, alleges that she was assaulted by an adult male passenger. [D.E. 1 & 35].

2. On February 28, 2020, Plaintiff's counsel unilaterally noticed the deposition of Defendant's corporate representative to take place on March 25, 2020. *See Notice, attached as Ex. A.*

3. Prior to this unilateral notice, defense counsel had advised Plaintiff's counsel that it was unavailable for deposition on the specified date.

4. On <u>numerous</u> occasions, defense counsel has reached out to Plaintiff's counsel regarding: (a) Defendant's unavailability for the corporate representative deposition on the noticed date; (b) Defendant providing proposed alternative dates for the corporate representative deposition (as well as proposed dates for the deposition and medical evaluation of Plaintiff); and (c) requesting that Plaintiff's counsel notice the cancelation of the unilaterally noticed deposition of Defendant's corporate representative (with the understanding that it would be reset for a mutually agreeable date and time; Defendant has provided alternative dates on numerous occasions). *See various (non-exhaustive) emails, attached as Ex. B*.

5. Despite repeated, ongoing, and extensive attempts to reach Plaintiff's counsel to confer on the aforementioned issues (e.g, emails, phone calls, voicemails, and text messages), defense counsel has yet to receive a response from Plaintiff's counsel regarding its proposed alternate dates for the corporate representative deposition and/or the noticing of the deposition's cancellation due to Defendant's stated unavailability.

6. With the date of the unliterally noticed corporate representative deposition swiftly approaching (March 25, 2020), defense counsel has continued to make <u>extensive</u> efforts to reach Plaintiff's counsel to ensure that Plaintiff will be noticing the deposition's cancellation. As stated, this effort has included sending numerous emails, telephone calls, voicemails, and text messages

to all members of Plaintiff's counsel's office. Despite these efforts, Plaintiff's counsel has yet to respond.

7. In addition to the failure of Plaintiff's counsel to respond to defense counsel regarding the cancellation (i.e., rescheduling) of the corporate representative deposition due to Defendant's previously indicated unavailability, Defendant submits that current global circumstances warrant the preclusion of Plaintiff's ability to conduct the deposition on the unilaterally noticed date.

8. Approximately one week ago, the World Health Organization declared the new coronavirus (COVID-19) a global pandemic, after which the President of the United States declared a national emergency to deal with the highly contagious and deadly disease.

9. As of the date of this motion, the executive branch has advised that the virus crisis is likely to last through the summer of 2020.

10. In an effort to mitigate community spread of the virus, state and federal governments have implemented social distancing measures to be carried out over the next several weeks, which include: (a) closing elementary schools and universities; (b) closing restaurants and other businesses; (c) recommending that non-essential travel and social visits be avoided; (d) recommending that older Americans stay at home; and (e) recommending that gatherings of ten or more people be avoided.

11. Furthermore, the offices of Defendant and defense counsel are closed, with all employees working from home, and Defendant's vessels are operating under extraordinary circumstances due to the request from the President of the United States to cease all voyages.

12. The aforementioned circumstances are grossly interfering with the daily and professional lives of Defendant and undersigned counsel (as is undoubtedly the case with Plaintiff

and Plaintiff's counsel). By way of example, defense counsel is having a very difficult time meeting with Defendant's corporate representative to prepare for the corporate representative deposition, and the corporate representative is having a difficult time gathering the necessary information in order to prepare for the unilaterally noticed deposition on March 25, 2020.

13. In light of all the aforementioned circumstances and the general failure of Plaintiff's counsel to respond to defense counsel's numerous attempts at contact, Defendant is forced to seek this emergency protective order to obtain judicial intervention with respect to the cancellation of the unilaterally noticed corporate representative deposition scheduled for March 25, 2020.

14. Federal courts have the discretion to grant protective orders as to depositions and the time and place of same under Rule 26(c) of the Federal Rules of Civil Procedure when the movant demonstrates a particular need. *See, Smith v. Powder Mountain, LLC*, 2009 WL 10698489, *10 (S.D. Fla. Nov. 9, 2019); *see also, Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F.Supp.2d 1273, 1277 (S.D. Fla. 2008). Here, Defendant has demonstrated a particular need for a protective order as to the deposition of its corporate representative, as the unilaterally-noticed deposition is scheduled to occur in five (5) days from now, defense counsel has repeatedly conveyed its unavailability for deposition on the noticed date, defense counsel has repeatedly offered alternative dates, and Plaintiff's counsel has simply failed to respond.

WHEREFORE, Defendant, NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINE, respectfully requests that this Honorable Court enter a Protective Order precluding Plaintiff from taking the deposition of Defendant's corporate representative on March 25, 2020, and for any and all further relief that this Court deems just and proper.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Undersigned counsel hereby certifies that it has made numerous attempts to confer with Plaintiff's counsel in a good faith effort to resolve the issues raised in the instant Motion and that Plaintiff's counsel has repeatedly and continuously simply failed to respond.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(1)**

After reviewing the facts and researching the applicable legal principles, I certify that this Motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

Dated:  March 20, 2020
        Miami, Florida

                                    Respectfully submitted,

                                    **FOREMAN FRIEDMAN, P.A.**

                            BY: **/s/ Avi C. Shoham**
                                    Avi C. Shoham, Esq. (FBN 1005219)
                                    ashoham@fflegal.com
                                    Jeffrey E. Foreman, Esq. (FBN 0240310)
                                    jforeman@fflegal.com
                                    Darren W. Friedman, Esq. (FBN 0146765)
                                    dfriedman@fflegal.com
                                    One Biscayne Tower, Suite 2300
                                    2 South Biscayne Boulevard
                                    Miami, FL  33131
                                    Tel: 305-358-6555/Fax: 305-374-9077
                                    Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 20th day of March, 2020. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: /s/ *Avi C. Shoham*_____
Avi C. Shoham, Esq.

## SERVICE LIST

CASE NO.: 19-24441-CIV-ALTONAGA/Goodman

Philip M. Gerson, Esq.
pgerson@gslawusa.com
filing@gslawusa.com
Edward S. Schwartz, Esq.
eschwartz@gslawusa.com
Nicholas I. Gerson, Esq.
ngerson@gslawusa.com
David Markel, Esq.
dmarkel@gslawusa.com
Raul G. Delgado II, Esq.
rdelgado@gslawusa.com
cbenedi@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, FL 33145-2624
Tel: 305-371-6000/Fax: 305-371-5749
*Counsel for Plaintiff*

Darren W. Friedman, Esq.
dfriedman@fflegal.com
sargy@fflegal.com
Avi C. Shoham, Esq.
ashoham@fflegal.com
jmaganani@fflegal.com
vmedina@fflegal.com
Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, FL 33131
Tel: 305-358-6555/Fax: 305-374-9077
*Counsel for Defendant*